IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THOMAS E. DIETRICH,

      Plaintiff,

vs.                                  No. CIV 04-647 RB/LCS

EMORY MORRIS, WARDEN; CORNELL
COMPANIES, INC., d/b/a VALENCIA COUNTY
DETENTION CENTER; PAUL HABERLING,
MAJOR; MIKE SANDOVAL, CAPTAIN,

      Defendants.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

**THIS MATTER** comes before the Court upon Defendants' Motion for Summary Judgment (Doc. 10), filed September 8, 2004. The assigned United States District Judge referred this matter to the undersigned United States Magistrate Judge to submit proposed findings of fact and recommendation for the disposition of this case pursuant to 28 U.S.C. § 636(b)(1). The Court, having reviewed the Motion and considered the submissions of the parties, the record herein, relevant authorities, and being otherwise fully advised, recommends that this Motion be **GRANTED** and Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE**.

    PROPOSED FINDINGS

    **I.    Procedural Background**

    1.    Plaintiff, a *pro se* litigant proceeding *in forma pauperis*, filed a Civil Rights Complaint in this Court alleging that Defendants acted with deliberate indifference when they failed to take affirmative steps to prevent assaults on Plaintiff. (Doc. 1). The Complaint seeks compensatory and punitive damages pursuant to 42 U.S.C. § 1983. (Id.)

2.      On or about November 21, 2003, Plaintiff entered the Valencia County Adult Detention Center ("VCADC"). (Id.) Shortly after being taken to his cell, Plaintiff alleges that a confrontation occurred between him and his cellmates. (Id.) He states he requested a transfer of both the floor officer and Captain Sandoval. (Id.) He was told to submit a communication form and states that he did submit the form, but that he received no response. (Id.)

3.      Plaintiff alleges that, between the dates of December 2, 2003 and December 29, 2003, he was physically and sexually assaulted by other inmates. (Id.) He claims a number of these attacks were witnessed by the staff at VCADC and that his injuries from the incident occurring on December 29, 2003 were documented and photographed. (Id.) Following the December 29, 2003 assault, Plaintiff alleges he was placed into involuntary administrative segregation. (Id.) On January 5, 2004, Plaintiff was transferred from the VCADC to the New Mexico Department of Corrections. (Doc. 11).

4.      The VCADC has a formal grievance procedure, policy number 246-1, which states that all inmates are entitled to initiate the grievance process and copies of the procedure are to be included in the initial intake Orientation Packet. (Def. Ex. A). The grievance must be submitted within ten working days of the incident in question. (Id.) The grievance officer must, within five working days, initiate and conduct an investigation into the subject of the grievance. (Id.) Upon completion of the investigation, the grievance officer must forward his recommendation to the administrative supervisor, who has five working days to either approve or deny the recommendation. (Id.) The inmate then receives five working days to appeal the grievance to the associate warden, who must review the appeal within seven working days. (Id.)

5.      In cases of exceptional circumstances, it is at the sole discretion of the associate

warden to extend time limits preventing timely processing of inmate grievances. (Id.) Policy 246-1 further specifies that, in cases where the grievance has not been resolved at the time the grievant is discharged from the facility, efforts to resolve the grievance will normally be terminated. (Id.)

6. Plaintiff alleges that VCADC staff failed to respond when he previously submitted a grievance form. (Doc. 11). Plaintiff further asserts that, because he was discharged from the VCADC before ten working days had elapsed from the last incident complained of, he is relieved of the requirement to exhaust administrative remedies. Plaintiff also argues that Defendants had constructive notice of the incidents in question and that he should therefore be excused from the requirement of filing a grievance. (Doc. 17).

## II.     Standard

7. This court liberally construes *pro se* litigants' pleadings and holds them to a less stringent standard than is required of those prepared by a lawyer. *See Gillihan v. Shillinger*, 872 F.2d 935, 938 (10th Cir. 1989). However, this court may not assume the role of advocate for the *pro se* litigant, and need not accept as true unsupported conclusory allegations. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A motion for summary judgment may be granted only when "there is no genuine issue as to any material fact...and the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). Summary judgment is proper when the pleadings, depositions, answers to interrogatories and admissions on file, as well as any affidavits, "show that there is no genuine issue as to any material fact." *Id.* When applying this standard, the Court examines the record and reasonable inferences in the light most favorable to the non-moving party. *See Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999).

8.    The Movant bears the initial burden of establishing that no genuine issue exists as to any material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First National Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)). The Movant's initial burden may be discharged by showing there is an absence of evidence to support the non-moving party's case. *See Celotex v. Catrett*, 477 U.S. 317, 323 (1986). Once the Movant meets its burden, the burden shifts to the non-moving party to demonstrate a genuine issue for trial on a material matter. *See McGarry v. Pitkin Co.*, 175 F.3d 1193, 1201 (10th Cir. 1999).

**III.   Analysis**

**Exhaustion of Administrative Remedies**

9.    Defendants claim they are entitled to summary judgment because Plaintiff has failed to exhaust the requisite administrative remedies under the Prison Litigation Reform Act ("PLRA"). The PLRA requires that available administrative remedies be exhausted prior to filing an action with respect to prison conditions under 42 U.S.C. § 1983. *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). Congress has eliminated both discretion to dispense with administrative remedies and the requirement that administrative exhaustion be 'plain, speedy, and effective.' *Booth v. Churner*, 532 U.S. 731, 739 (2001). Even where the available remedies appear to be futile at providing the relief sought, the prisoner must exhaust the administrative remedies available before filing a claim under § 1983. *Id.* "Administrative review by prison officials is intended to reduce the quantity and improve the quality of prisoner suits." *Steele v.*

*Federal Bureau of Prisons*, 355 F.3d 1204, 1207 (10th Cir. 2003) (quoting *Porter v. Nussle*, 534 U.S. 516, 524 (2002)).  The PLRA's exhaustion requirement applies to all suits about prison life. *Porter*, 534 U.S. at 525.

10. In prisoner civil rights complaints, the prisoner must "explain his attempts to exhaust available administrative remedies." *Steele*, 355 F.3d at 1211.  Further, "a prisoner must . . . attach copies of administrative proceedings or describe their disposition with specificity. *Id*. Should a prisoner fail to make "particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome, the action must be dismissed under § 1997e." *Id.* (internal citation omitted).  Because Plaintiff has failed to comply with these requirements, his Complaint should be dismissed.

11. Gladys Sanchez, overseer of inmate grievances at the VCADC at the time of Plaintiff's incarceration, stated in an affidavit that Plaintiff never filed a grievance regarding any incident which took place between December 2 and December 29, 2003.  (Def. Ex. A).  Plaintiff does not allege that he ever attempted to file a grievance relating to incidents which occurred during this time period.  He contends however that, because he was discharged from the VCADC before a grievance was filed, he is excused from the exhaustion requirement of the PLRA.  (Doc. 11).  He also contends that he should be excused from the exhaustion requirement because Defendants had constructive notice of the assaults and because filing a formal grievance would have placed him in danger.  (Doc. 17).

12. The VCADC grievance procedure requires inmates to file grievances within ten working days of the incident in question.  (Def. Ex. A).  Plaintiff's Complaint alleges eight separate incidents of abuse by other inmates, but he did not file a grievance related to any of these

5

incidents. (Doc. 1). Plaintiff was incarcerated at the VCADC for ten working days after December 18, 2004 and he is therefore barred from filing a grievance related to incidents on December 2, 3, 5, and 6, 2003 under policy 246-1. The Tenth Circuit has found that, regardless of whether an inmate formally submits a time-barred grievance, he may not successfully argue that he has exhausted his administrative remedies by, in essence, failing to employ them. *Ross v. McKinley*, 365 F.3d 1181, 1186 (10th Cir. 2004).

13. Plaintiff further argues that the PLRA's exhaustion requirement should not apply to the incidents of December 26 and December 29, 2003 because he was transferred to another facility on January 5, 2004 and because VCADC 246-1 states that, where a grievance has not been resolved at the time the grievant is discharged, efforts to resolve the grievance will normally be terminated. I recommend that this contention be rejected as well.

14. By his own admission, Plaintiff did not file a grievance based on the incidents complained of because he "had no expectation of safety at the Valencia County Detention Center." (Doc. 16). Plaintiff also contends he did not file a grievance because he was transferred from the VCADC and did not have access to the policies and procedures contained in 246-1. (Doc. 11). The Tenth Circuit's position on the PLRA's exhaustion requirement does not allow for exceptions. *Jernigan*, 304 F.3d at 1032. Plaintiff has not yet filed a grievance, but the Court has addressed the issue of untimely filing in the context of a prisoner who filed a time-barred grievance. *See Ross*, 365 F.3d at 1186. The *Ross* Court held that allowing prisoners to proceed to federal court simply because they have filed a time-barred grievance would frustrate the PLRA's intent to give prison officials the opportunity to take corrective action. *Id.* In the present case, Plaintiff has not shown that he ever filed a grievance of any kind or even that he attempted

to file a grievance related to the December 26, 2003 and December 29, 2003 incidents.  The PLRA contains a procedural default concept within its exhaustion requirement.  *Id.* (citing *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)).  A prison procedure that is procedurally barred and thus is unavailable to a prisoner is not thereby considered exhausted.  *Id.*  As stated above, this Court has no discretion to dispense with the requirement that Plaintiff exhaust his administrative remedies.  *Booth*, 532 U.S. at 739.

      15.     Finally, Plaintiff filed a second Addendum to Defendants' Response in which he argues that Defendants had constructive notice of the incidents outlined in his Complaint pursuant to the Emergency Grievance procedure contained in policy 246-1.  (Doc. 17).  This contention should be rejected as well.  Plaintiff argues that he should be allowed to dispense with the administrative requirement of filing a grievance because completing such a grievance in the presence of other inmates would have endangered his safety.  (Id.)  Plaintiff misreads the VCADC's procedure for filing emergency grievances.  (Def. Ex. A).  Policy 246-1 on emergency procedures provides, "It is the responsibility of the inmate to prove that a grievance is a "legitimate" emergency, by demonstrating the factors indicating that a risk does exist and that serious harm may result if the grievance is processed according to the procedure's time limits." (Id.)  Contrary to Plaintiff's assertion, the emergency procedure does not allow him to forego the filing of a grievance with the VCADC.  Rather, it simply expedites the normal procedure for consideration of a formal grievance.  Plaintiff's contention that constructive notice to Defendants suffices to comply with the grievance procedure should be rejected.

      16.     From the record before me, Plaintiff has not complied with the grievance process as outlined by the VCADC.  Although Plaintiff claims he was prevented from filing a grievance

because he was transferred out of the VCADC, he provides this court with no evidence that he ever attempted to send a grievance to the VCADC following his transfer, or that he ever attempted to learn the procedure for doing so. He does not "attach copies of administrative proceedings or describe their disposition with specificity" as is required by the Tenth Circuit in prisoner cases arising under § 1983. *Steele*, 355 F.3d at 1211. From the record before me, Plaintiff does not adequately indicate to the Court that he has completed the formal grievance process, and he has therefore not exhausted his administrative remedies as required by 42 U.S.C. § 1997e. I recommend that Defendants' motion for Summary Judgment be granted and Plaintiff's Complaint be dismissed without prejudice.

### RECOMMENDED DISPOSITION

I recommend that Defendants' Motion for Summary Judgment be **GRANTED** and that Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies. Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to § 636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**